JAMESTOWN, WESTFIELD AND NORTHWESTERN RAILROAD
COMPANY and ERIE RAILROAD COMPANY, Plaintiffs,
*v.* CITY OF JAMESTOWN, Defendant.*

(Supreme Court, Chautauqua Equity Term, November, 1920.)

*Injunction — to restrain removal of steam railroad tracks lawfully
laid in a street under a permanent permit granted by the com-
mon council of the city of Jamestown in 1887 — presumption
that such occupation was duly authorized — judgment in favor
of plaintiff.*

ACTION for an injunction restraining defendant
from removing certain steam railroad tracks from
Eighth street.

Marion H. Fisher, for plaintiffs.

Ernest Cawcroft, for defendant.

BROWN, J. It is stated in the minutes of the com-
mon council of the defendant of April 9, 1887, that the
Chautauqua Lake Railroad Company made applica-
tion in writing for a permit for temporary tracks in,
upon and along West Second street and across Fair-
mount avenue and West Eighth street. On the same
day the same railroad company made another appli-
cation to the common council of the defendant for
permanent track " along and across the same
streets."

The application for permanent tracks was granted.
The application for temporary track was granted
upon condition that the railroad company would give
a bond in the penalty of $5,000, conditional that the
railroad company would obey any resolution of the
common council relative to the taking up of the tracks
and restoring the street to the condition it then was.

---

* Published by request.—[REPR.

In 1887 the railroad company constructed a temporary railroad track through and along West Eighth street opposite the boat landing between the street railroad track and the west side of the traveled road.

On January 11, 1888, the common council of defendant adopted a resolution whereby the defendant gave its assent to the railroad company to construct its road and lay its rails for a single track in, upon and across the streets of the city from a point at or near the boat landing in said city, across Third street extension at the intersection of Eighth street and along Second street, etc., to the south.

In the spring of 1888 the railroad company rebuilt and made suitable for permanent purposes the track that had been laid in 1887 along the westerly side of West Eighth street.

The highway level upon which the temporary track was laid was much higher than the level of the boat landing property. From the edge of the bank along which the temporary track had been constructed the ground sloped to the west toward the boat landing property. The existence of the sloping bank necessitated considerable filling to permit of the laying of railroad tracks to the west of the location of the temporary track. This sloping bank was filled in with earth and upon this filling the track was laid as it now is located, and the temporary track was taken up. The west line of West Eighth street was not established upon the trial. The proof is that the temporary track was laid on the west side of the traveled road. There was no proof that West Eighth street was of any specified width. If it was three rods wide the present railroad track as constructed in 1888 was not in the highway. If it was four rods wide the track may be in the highway. If Eighth street became a highway by user it is certain that the railroad track is not now and never was in the highway.

The defendant city at some subsequent date constructed a curb just to the east of the track and paved the street from such curb easterly to the east curb line. From early in 1888 the space to the west of the west curb has been occupied by the railroad track from Third street northerly along the entire street frontage of the boat landing property, the railroad company claiming the right to so occupy the portion of the street that it did occupy under and by virtue of the permanent trackage right awarded by the common council in 1887 and the act of such council in 1888, asserting that whatever temporary rights it obtained under the grant of 1887 have been abandoned or superseded by the permanent rights granted in 1887 and 1888.

The use of West Eighth street by the railroad company as occupied by its tracks has been continuous from 1887, and with no suggestion or claim by defendant that it did not have a permanent right thereto prior to 1915, when the common council passed a resolution revoking the temporary permit of 1887 and ordering the removal of the railroad track from the street. The plaintiffs, the successors of the Chautauqua Lake Railroad Company, bring this action seeking an injunction restraining the removal of the track.

When it was established that the common council of the defendant in 1887 granted the permanent right to the Chautauqua Lake Railroad Company to lay its tracks along and across West Second street, Fairmount avenue (Third street) and West Eighth street, and when it was proved that that railroad company did in fact build a railroad track in, upon and along West Second street and across Fairmount avenue (Third street) and along the westerly edge or side of West Eighth street, along the boat landing street frontage, it would seem as though there was ample

warrant for the assertion that the railroad was lawfully in the street under a permanent permit.

It is now thirty-three years since the railroad track was constructed in Eighth street. The law required that the assent of the city should be given to legally entitle the railroad to occupy the highway. This permit of a permanent character for the laying of the railroad track along Eighth street and its construction adjacent to the boat landing property, together with the evident and notorious acquiescence of the city for all these years in such use of the street, gives rise to the presumption that the occupation is lawful and duly authorized. Property that a municipality has power to convey may be acquired from it by prescription. In *Jorgesen* v. *Squires,* 144 N. Y. 280, it was held that the legislature having authorized municipalities to grant property owners the right to build and maintain certain structures in the streets, the continued use of such structures for more than twenty years with the knowledge and acquiescence of the municipality, raised the presumption of a grant. In *De Shong* v. *City of New York,* 176 N. Y. 475, it was held that as against the municipality that presumption had been overcome by proof that the records failed to disclose such a grant. In the instant case the proof is that the minutes of the common council of the meeting held April 9, 1887, in the next paragraph after the recording of an application for a temporary permit for tracks '' in, upon and along West Second Street and across Fairmount Avenue and West Eighth Street '' recite as follows: ''Also another application in behalf of Chautauqua Lake Railroad Company for permanent track along and across same streets, with map accompanying it. Same received and ordered filed. Ald. Booty moved that the application for permanent tracks be granted. Motion carried.''

Testimony was given to the effect that a search for the permanent application and the map accompanying it, among the papers in the office of the city clerk, resulted in failure to find any such papers other than the application for the temporary permit and the map accompanying that application. No application was found for a permit, temporary or permanent, to build tracks across and along West Second street, Fairmount avenue and West Eighth street. One was found and produced on the trial for a permit to lay track through Second street between Fairmount avenue or Third street and the New York, Pennsylvania and Ohio Railroad. It was filed April 9, 1887, and is indorsed as being an application for permission to lay temporary track on Eighth street opposite the steamboat landing. There is not a word in this application mentioning West Eighth street, and the word " temporary " in the application plainly has reference to a switch connecting with the New York, Pennsylvania and Ohio Railroad. If any significance is to be given to the statement in the minutes of the common council under date of April 9, 1887, that a permanent permit was then granted to lay tracks along and across the same streets, that is, West Second street, Fairmount avenue and West Eighth street, it is certain that the last mentioned application is not the one referred to in the minutes.

While much might be said as to the improbability of the council having granted a permanent permit to lay a track in West Eighth street at the same meeting that the application to lay a temporary track in the same street was conditioned upon its removal, yet the fact remains that the temporary track was laid near the center of the supposed street, while the present or permanent track was laid much to the west of the then traveled or used road. In the absence of the application for the permanent track it may be assumed

that the application specified the location of the permanent track to be far outside of the traveled road, and such fact would account for the different manner in which the two applications apparently were treated.

It is true that the application for a temporary permit under date of April 9, 1887, Exhibit E, does not contemplate the laying of a permanent track within West Eighth street, and apparently does contemplate the laying of permanent tracks across the boat landing property and, in the absence of other evidence, might lead to the conclusion that no application was made and no permit granted for a permanent track in West Eighth street. The other evidence, however, does exist in the positive statement in the council minutes of that date, that a permanent permit was granted to lay tracks along and across West· Second street, Fairmount avenue and West Eighth street. To say that the common council minutes of April 9, 1887, are erroneous and that a mistake was made in stating the situs of the permanent track by including West Eighth street with West Second street and Fairmount avenue is an assumption not warranted after thirty years.

The recital in the minutes of the proceedings of the common council of· its meeting April 9, 1887, of the application for and the granting of a permanent permit to lay railroad tracks along and across West Second street, Fairmount avenue and West Eighth street, is quite conclusive proof that a permit was granted to lay tracks along West Eighth street. It is certain that it is not proof that no permit was granted to lay tracks along West Eighth street. The records do not fail to disclose that there was no permit to lay permanent tracks in West Eighth street, and this fact, fatal in *De Shong* v. *New York, supra,* does not appear from proofs upon this trial.

When the plaintiffs read the record of the meeting of defendant's common council, held April 9, 1887, granting a permit to lay permanent tracks " along and across same streets," that is, West Second street, Fairmount avenue and West Eighth street, it then became incumbent on the defendant to show some fact that would successfully challenge the plaintiff's claim of a permanent legal right to occupy West Eighth street with its tracks adjacent to the boat landing frontage. The defendant has failed to overcome such proof.

The claim of the defendant that the permanent permit that was granted April 9, 1887, was a permit to lay tracks along West Second street, across Fairmount avenue and West Eighth street, and not along and across West Second street, Fairmount avenue and West Eighth street, is not sustained by the proofs. The contention of the defendant that the permit was " across " West Eighth street and not " along " that street is meaningless. There never was any warranty for a permit " across " West Eighth street. There never was contemplated the laying of any tracks " across " West Eighth street. It is certain that the records of that meeting show that some permanent permit was granted to lay tracks in West Eighth street. No possible, practical permit could have been granted to lay tracks in West Eighth street except " along " that street.

The plaintiffs must have judgment restraining the threatened acts complained of, together with costs.

Judgment accordingly.